UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER DOBOZY, on behalf of himself and all others similarly situated, | ) CASE NO.: 4:18-cv-01539 ) ) |
| Plaintiff, | ) JUDGE SARA LIOI ) |
| vs. | ) ) |
| VALLOUREC STAR, LP, | ) **ORDER OF DISMISSAL AND** |
| Defendant. | ) **APPROVING SETTLEMENT** ) ) |

THIS CAUSE having come before the Court on the Joint Motion for Approval of Settlement and Stipulation of Dismissal With Prejudice, including the Joint Stipulation of Settlement and Release ("Settlement") and the Declaration of Chastity L. Christy, and due cause appearing therefore, it is hereby ORDERED AND ADJUDGED as follows:

1.  On July 6, 2018, Representative Plaintiff Christopher Dobozy filed this Action as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and alleged that Defendant failed to pay its hourly, non-exempt employees, including Representative Plaintiff and other similarly-situated employees, for all hours worked, in violation of the FLSA, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03. (Doc. 1.) Specifically, Representative Plaintiff alleged that he and other similarly-situated employees were only paid for work performed between their scheduled start and stop times, and were not paid for the following work performed before and after their scheduled start and stop times: (a) changing into and out of their uniform and personal protective equipment, including but not limited to a helmet, gloves, boots, safety glasses, and/or flame-retardant clothing; (b) getting tools, equipment, and/or paperwork necessary to

perform their manufacturing work; (c) walking to and from their assigned area of the manufacturing floor; and (d) performing their manufacturing work.  (Doc. 1.)

2. On October 19, 2018, the Parties filed their Joint Stipulation to Conditional Certification and Notice, stipulating to the following class: All former and current non-exempt manufacturing employees of Vallourec Star, LP employed in the Youngstown, Ohio facility at any and all times between November 2, 2015 and the present. (Doc. 17.)  On October 22, 2018, this Court approved the Parties Joint Stipulation and Notice.

3. On November 2, 2018, the Notice was mailed to potential class members, and the Notice Period closed on December 3, 2018.

4. In addition to Representative Plaintiff Christopher Dobozy, 31 potential class members opted in as Opt-In Party Plaintiffs (collectively "Plaintiffs").

5. The Parties stipulate to this Court that they engaged in substantial investigation and discovery prior to negotiating the Settlement, and relevant information was exchanged, including discovery relating to Plaintiffs' claims and Defendant's defenses.

6. The Parties stipulate to this Court that they engaged in a comprehensive exchange of information regarding Plaintiffs' claims and Defendant's defenses to such claims.  This included a complete analysis and calculations of Plaintiffs' alleged back wages.

7. The Parties advise this Court that they engaged in extensive legal discussion, which included numerous and lengthy discussions between counsel for the Parties.

8. Between March 2019 and July 2019, the Parties engaged in settlement negotiations, including the exchange of letters and discussions between Counsel for the Parties detailing the Parties' legal and factual positions.

9. The Parties agree that bona fide disputes exist between the Parties, including

whether Plaintiffs were properly compensated under the FLSA and/or OMFWSA, if not, how much time if any they allegedly worked without compensation, and whether they are entitled to their claimed unpaid wages and overtime compensation under the FLSA and/or OMFWSA.

10. Furthermore, there is a bona fide dispute over whether the two-year or three-year statute of limitations applies and whether Plaintiffs would be entitled to liquidated damages as Defendant claims it did not act willfully and has a good faith defense.

11. In an effort to reach a compromise and to avoid the expense and burden of litigation, the Parties reached an agreement to settle the Action on July 19, 2019 on the terms set forth in the Joint Stipulation of Settlement and Release attached as Exhibit 1 to the Parties' Joint Motion.

12. The Court hereby accepts and approves the proposed settlement and holds that the proposed settlement submitted by the Parties is a fair and reasonable settlement of a bona fide dispute over the provisions of the Fair Labor Standards Act.

13. The Court orders that the settlement payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement.

14. The above case is hereby DISMISSED WITH PREJUDICE; each party to bear their own attorneys' fees and costs except as otherwise provide by the Settlement. All pending deadlines are stricken as moot. The Court shall retain jurisdiction to enforce the Parties' Settlement.

ORDERED this  27th  day of  August , 2019.

_____
HONORABLE JUDGE SARA LIOI